The plaintiff, upon her examination, testified as follows:

"Q. How were you walking?    A. Single file.    Q. How fast were you walking? A. Not very fast; as usual.    Q. An ordinary walk?    A. Yes, sir."

From this testimony, I fail to see that there is any evidence showing a lack of contributory negligence, or any fact disclosed from which the jury could infer a lack of contributory negligence, on the part of the plaintiff, and a lack of such evidence is fatal to the plaintiff's cause of action.    What the witness Moses "had in her mind," as she expressed it, had nothing to do with the plaintiff, and has no bearing upon the question of plaintiff's conduct.    The judgment should be affirmed, with costs.    All concur.

---

VILLAGE OF SANDY HILL v. AKIN et al.

(Supreme Court, General Term, Third Department.    May 8, 1894.)

TAXATION—ASSESSMENT AGAINST HEIRS OF DECEDENT.
    An assessment of personal property against the heirs of a decedent without naming them is void.

Appeal from special term, Washington county.

Action by the village of Sandy Hill against Benjamin Akin and Elizabeth S. Allen, administrators with the will annexed of Rebecca Miller, deceased, to recover certain unpaid taxes.    From a judgment of nonsuit, plaintiff appeals.    Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

D. J. Sullivan, for appellant.

G. M. Ingalsbe (A. D. Wait, of counsel), for respondents.

HERRICK, J.    The judgment in this case should be affirmed. The assessment for personal property against the heirs of a person deceased, without naming them, is void.    It does not follow the statute.    Cruger v. Dougherty, 43 N. Y. 107; Trowbridge v. Horan, 78 N. Y. 439; Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932.    All concur.